### OCCIDENTAL LIFE INS. CO. v. UNITED STATES.

No. 45402.

Court of Claims.

Dec. 4, 1944.

Llewellyn A. Luce, of Washington, D. C., for plaintiff.

Daniel F. Hickey, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, LITTLETON and WHITAKER, Judges, BOOTH, Chief Justice (retired) recalled, and MADDEN, Judge.

WHALEY, Chief Justice.

The Guaranty Life Insurance Company of Iowa was engaged in the insurance business in that state. Under the laws of Iowa it had deposited with the Commissioner of Insurance of the State of Iowa real estate

owned by it to secure the payment of its outstanding policies. A recorded warranty deed conveying the real estate was delivered to the Commissioner of Insurance.

In August 1937 the plaintiff entered into an agreement with one of the stockholders of Guaranty, who was acting for himself and other owners of Guaranty stock, to purchase the entire stock of Guaranty. The agreement contemplated that plaintiff would take over the insurance business theretofore conducted by Guaranty, take over its assets, and assume its liabilities and contractual obligations. Plaintiff was really buying out the business with all the assets of Guaranty and assuming its liabilities. Guaranty was to go out of business after the purpose of the agreement had been carried out. Plaintiff furnished the cash with which the stock of Guaranty was purchased by another corporation after the plaintiff had assigned its right to acquire the stock to that corporation. These agreements were all carried out and the parties discharged their obligations on November 1, 1937.

All the stock of Guaranty was transferred to the Occidental Corporation and the Occidental Corporation received $750,000 which had been furnished by plaintiff for the purpose of paying for this stock. At the same time plaintiff took possession of all the assets of Guaranty and during November and December, 1937, the deeds to Guaranty's real estate were executed and delivered to plaintiff.

At that time the real estate which was conveyed to plaintiff was on deposit with the Commissioner of Insurance of the state of Iowa to protect payment of its outstanding policies. Plaintiff did not have Federal documentary stamps affixed to these deeds conveying the real estate but the Commissioner of Internal Revenue required plaintiff to acquire and affix stamps to the deeds.

The facts in the case are not in dispute and the real question presented is whether the Commissioner of Internal Revenue properly required plaintiff to affix Federal documentary stamps to the deeds of conveyance from Guaranty to plaintiff.

The controlling statute is Section 725 of the Revenue Act of 1932, 26 U.S.C.A. Int. Rev.Acts, page 635, which amended Rev.Acts, page 635, which amended Schedule A of Title VIII, § 800 et seq., of the Revenue Act of 1926. This section reads as follows:

"Sec. 725. Stamp Tax On Conveyances

"Schedule A of Title VIII of the Revenue Act of 1926 is amended by adding at the end thereof a new subdivision to read as follows:

"8. Conveyances: Deed, instrument, or writing, delivered on or after the 15th day after the date of the enactment of the Revenue Act of 1932 and before July 1, 1934 (unless deposited in escrow before April 1, 1932), whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her, or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds $100 and does not exceed $500, 50 cents; and for each additional $500 or fractional part thereof, 50 cents. This subdivision shall not apply to any instrument or writing given to secure a debt."

The limitation named in this section was extended by subsequent revenue acts and is applicable to the period under consideration in this suit.

█ The foregoing statute is very broad and apparently was intended to cover the various kinds of instruments where, upon a sale, an interest in realty is conveyed from one person to another. Plaintiff's principal argument is that Guaranty did not have legal title to the lands in question because these lands were on deposit with the Iowa Commissioner of Insurance and, therefore, could not convey legal title to plaintiff. Accordingly, it argues that the statute is inapplicable. In other words, it contends that unless complete legal title is conveyed in a sale, it is not necessary to attach Federal documentary stamps to the deed which conveys whatever interest the seller has to the purchaser. There is no limitation which provides for such a narrow interpretation of this broad revenue statute.

Plaintiff desired and obtained the same valuable interest in the realty which Guaranty had at that time and that realty was conveyed by deeds executed and delivered by Guaranty to plaintiff. The only qualification in those deeds was that the real es-

tate was on deposit with the Commissioner of Insurance.

Plaintiff held the legal title and the Commissioner of Insurance had only a title securing the payment of the policies which had been issued. When the policies were redeemed then the Commissioner would have to convey what title he had to the holder of the legal title and the plaintiff was that party. The title of the Commissioner of Insurance was subject to be divested or diminished by the redemption in whole, or in part, of the outstanding policies, but the plaintiff, being the holder of the legal title, could not be divested except by an act of its own, such as a failure to comply with the terms of the policies insured.

■ The purpose of the Act was to raise revenue.

■ In Central Life Assur. Soc. v. Birmingham, Collector, 48 F.Supp. 863, the District Court for the Southern District of Iowa held that the delivery of securities to the Commissioner of Insurance of Iowa constituted a deposit only to be held by him as custodian and did not transfer legal title. This decision was affirmed by the Circuit Court of Appeals, Eighth Circuit, March 8, 1944. No case involving realty under the Iowa laws has been called to our attention. By deed Guaranty conveyed a valuable interest in the property to plaintiff. The "value of the interest or property conveyed" came within the limits fixed by the statute. The conveyances were accordingly properly subjected to a stamp tax by the Commissioner.

■ A further contention is made by plaintiff that in any event a lien or encumbrance on this property existed by reason of the property having been deposited with the Commissioner of Insurance to the extent of the value for which each tract was accepted for deposit, and that, accordingly, the only amount which should be subjected to the tax is the value in excess of the amount for which the property was accepted for deposit. There is no merit in this contention.

The regulations of the Commissioner provide that—

"In calculating the amount of stamps which must be fixed to a deed of conveyance, the tax is computed upon the full consideration for the transfer less all encumbrances, which rest on the property before the sale and are not removed by the sale." (Article 77, Regulations 71, 1932 Edition.)

This regulation is consistent with the statute above wherein it provides that the amount of tax to be fixed is based upon "the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale." To obtain the consideration or net value of the property conveyed would require taking into consideration liens or encumbrances on the property at the date of acquisition, such as a trust or mortgage.

■ Here we do not have anything in the nature of a lien or encumbrance of the type ordinarily thought of within the meaning of those items. The property was merely on deposit with the Commissioner of Insurance and was used at its full value for the protection of Guaranty's insurance policies. There is no suggestion that plaintiff paid any less for this property by reason of the fact that it was on deposit when the acquisition was made. It was apparently acquired and used by plaintiff for the same purpose as it had been used by Guaranty and that at its full value. Obviously a lien or encumbrance which does not affect the consideration or value of the property conveyed should not be used to reduce the amount of documentary stamps to be affixed.

The petition is dismissed. It is so ordered.

LITTLETON, Judge, and BOOTH, Chief Justice (retired) recalled, concur.

MADDEN, Judge (dissenting).

I agree with the opinion of the court that the deeds from Guaranty to the plaintiff were taxable conveyances. I think it is not necessary to decide, and I would not decide, whether the "legal title" to the lands was in Guaranty, or in the Commissioner of Insurance, after the deeds were made to him. I think, however, that the interests conveyed by Guaranty to the plaintiff were subject to incumbrances, the amount of which should have been deducted from the unincumbered value of the land, in determining the amount of the applicable stamp tax. Each piece of land was pledged to the Commissioner of Insurance to secure a specified amount of the

Guaranty Company's obligation to its policy holders to pay them, upon demand, the cash value of their policies. Suppose a particular piece was pledged to the amount of $1,000. Neither a farmer, nor the plaintiff, would buy and pay the full value for the land unless the pledge was released, since if the debt to the policy holders was not paid by Guaranty, the purchaser of the land would have to pay $1,000 upon it to keep the land from being sold to satisfy it. The deduction seems to me to be expressly required by the statute, and I would give the plaintiff a judgment for $2,242, with interest.

WHITAKER, Judge, concurs in the foregoing opinion.