Real Property — Recordation — Taxation — True Value A new mortgage secured by the seller from the purchaser would not serve to reduce the consideration, or the value of the interest, or the value of the property conveyed in a real estate transaction subject to 68 O.S. 5101 [68-5101] (1968), and such mortgage would properly be included within such a transaction and be subject to the taxation imposed by such statute. The Attorney General has had under consideration your letter dated October 15, 1968, wherein you, in effect, state as follows: "A party has a deed to be filed, whereby the party sold the property for Four Hundred Thousand Dollars ($400,000.00) total consideration. One Hundred Thousand Dollars ($ 100,000.00) of the Four Hundred Thousand Dollars ($400,000.00) was paid in cash and a mortgage secured from the purchaser for Three Hundred Thousand Dollars ($300,000.00). The question to be determined is whether the taxes should be paid on the Four Hundred Thousand Dollars ($400,000.00) or the One Hundred Thousand Dollars ($100,000.00)." O.S.L. 1967, ch. 259, Section 1 (68 O.S. 5101 [68-5101] (1968)), referred to in your above inquiry provides as follows: "There is hereby imposed, on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in the purchaser or purchasers, or any other person or persons, by his or their discretion, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds One Hundred Dollars ($ 100.00) a tax at the rate of fifty-five cents ($.55) for each Five Hundred Dollars ($500.00) or fractional part thereof." This statute imposes a tax upon each deed, instrument, or writing by which any lands, tenements, or other realty sold is granted, assigned, transferred, or otherwise conveyed and the consideration, or value of the interest, or property conveyed exceeds one hundred dollars, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale. Your question relates to whether a new mortgage secured by the seller from the purchaser would affect the amount of consideration received in a transaction for purposes of taxation under O.S.L. 1967, ch. 259, Section 1, supra. This Oklahoma statute was preceded by a federal statute, 79 Stat. 148 (1965) (26 U.S.C.A. 4361) which contained identical language and provided as follows: "There is hereby imposed, on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed (exclusive of the value of any lien or encumbrance remaining thereon at the time of sale) exceeds $100, a tax at the rate of 55 cents for each $500 or fractional part thereof. The tax imposed by this section shall not apply on or after January 1, 1968." Both the state and the federal statutes permit the tax to be measured by (1) the consideration; (2) the value of the interest conveyed; or (3) the value of the property conveyed. The only limitation as to such valuation is the exclusion of any lien or encumbrance remaining on the property at the time of sale. A new mortgage secured by the seller from the purchaser would not come within this exclusion since it would not qualify as a lien or encumbrance present on the property before and after the time of sale. This exclusion was explained in Orpheum Building Co. v. Anglim, 127 F.2d 478 (9th Cir. 1942), where the court, in dealing with an earlier enactment of this same federal statute, stated: ". . . As amended, the provision specifies that the tax is to be measured on particular multiples of `the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale.' Article 77, of Treasury Regulations 71, promulgated under the act in question, provides that `the tax is computed upon the full consideration for the transfer less all encumbrances which rest on the property before the sale and are not removed by the sale.'" Since a new mortgage would not come within the exclusion provided for in the statute, the question still remains as to whether such mortgage would be excluded from the consideration or the value of the interest or property conveyed in a transaction subject to O.S.L. 1967, ch. 259, Section 1, supra. In the case of Murray v. Hoey,32 F. Supp. 1088 (S.D. N.Y. 1940) the court stated in the second paragraph of its syllabus: "The purpose of the federal statute taxing conveyances was to exact 55 cents for each $500 value of realty sold, and under the statute that amount is exacted from the seller who receives cash or security for parting with his property." This indicates that for purposes of computing the amount of consideration received in a transaction subject to the tax imposed by this statute no distinction is to be made between cash or security received by the seller. This result seems logical since a new mortgage would not reduce the consideration, or the value of the interest or the value of the property conveyed. This question was also dealt with in the case of Occidental Life Insurance Company v. United States, 102 Ct. Cl. 633, 57 F. Supp. 691 (1944). This case involved a life insurance company which had deposited recorded deeds conveying realty with the state Commissioner of Insurance in order to secure payment of outstanding policies. The company sold its insurance business, and the deeds to the realty were executed and delivered to the purchaser. In holding that the deeds to the purchaser were properly subjected to the tax imposed by the federal statute on such conveyances, the court stated: "A further contention is made by plaintiff that in any event a lien or encumbrance on this property existed by reason of the property having been deposited with the Commissioner of Insurance to the extent of the value for which each tract was accepted for deposit, and that, accordingly, the only amount which should be subjected to the tax is the value in excess of the amount for which the property was accepted for deposit. There is no merit in this contention. "The regulations of the Commissioner provide that" `In calculating the amount of stamps which must be fixed to a deed of conveyance, the tax is computed upon the full consideration for the transfer less all encumbrances, which rest on the property before the sale and are not removed by the sale.' "This regulation is consistent with the statute above wherein it provides that the amount of tax to be fixed is based upon `the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale.' To obtain the consideration or net value of the property conveyed would require taking into consideration liens or encumbrances on the property at the date of acquisition, such as a trust or mortgage. "Here we do not have anything in the nature of a lien or encumbrance of the type ordinarily thought of within the meaning of those items. The property was merely on deposit with the Commissioner of Insurance and was used at its full value for the protection of Guaranty's insurance policies. There is no suggestion that plaintiff paid any less for this property by reason of the fact that it was on deposit when the acquisition was made. It was apparently acquired and used by plaintiff for the same purpose as it had been used by Guaranty and that at its full value. Obviously a lien or encumbrance which does not affect the consideration or value of the property conveyed should not be used to reduce the amount of documentary stamps to be affixed." Thus, a new mortgage, as is the situation in your inquiry, would not affect the amount of consideration received by the seller and subject to the tax imposed by O.S.L. 1967, ch. 259, Section 1, supra, since such mortgage would not serve to reduce the consideration, or the value of the interest, or the value of the property conveyed. It is, therefore, the opinion of the Attorney General that a new mortgage secured by the seller from the purchaser would not serve to reduce the consideration, or the value of the interest, or the value of the property conveyed in a real estate transaction subject to O.S.L. 1967, ch. 259, Section I (68 O.S. 5101 [68-5101] (1968)), and such mortgage would properly be included within such transaction and be subject to the taxation imposed by such statute. (Gary F. Glasgow)